Mamo Pittoni, J.
The plaintiff seeks judgment declaring a certain ordinance of the City of Glen Cove void as in violation of the due process clauses and the equal protection clauses of the Federal and State Constitutions, and directing the City Council and the building inspector to issue a building permit to the plaintiff without payment of the $500 per housing unit.
It appears that on August 21, 1956, the plaintiff submitted his map of Congetta Homes to the Glen Cove Planning Commission, but no action was taken by the commission until January 29, 1957 when it granted approval of a subdivision map of the plaintiff’s subject property. In the meantime, on December 11, 1956, the Common Council of the City of Glen Cove passed an ordinance which provided as follows:
“Be It Ordained as Follows: Section 1. No building permit shall hereafter be issued for new construction in any subdivision plot within this City hereafter filed in the Nassau County Clerk’s office until the applicant pays to the City of Glen Cove the sum of $500.00 per housing unit for the purpose of trunk line extensions, lift stations, collection system enlargement and other general requirements of the overall sewer system of this City.
*786 “ Section 2. The Commissioner of Finance shall deposit the sums received pursuant to this Ordinance in a separate fund which shall be expended only for the purpose of said enlargement, repairs and additions to the said sewer system.
‘ ‘ Section 3. This Ordinance shall take effect three days after publication thereof in the official newspaper.”
At the trial held before the court without a jury, evidence established that the development of the now undeveloped, unsubdivided areas of the city will cause an overloading and overcrowding of the sewerage system and that new sewers must be provided to prevent this. The other areas of the city already have trunk line extensions. However, building in the now undeveloped, unsubdivided plots but hereafter to be subdivided and developed will unduly tax the present sewerage system. It is clear to the court that new sewers or a new sewerage system cannot be placed piecemeal, that is, new sewerage cannot be supplied periodically just to equal or supply each new building as it is erected. The sewerage system as a whole must be developed as soon as possible.
It was also established at the trial that prior to the adoption of the ordinance, the city engineer made a study of the sewer system and the cost of providing new sewerage for some 2,000 prospective new homes in the undeveloped and unsubdivided areas. The estimated cost for this ' approximated over $1,000,000 or roughly $500 per home. Under the circumstances, it is clear to the court that the ordinance does apply equally among persons of the same class, that is, those owners of the now undeveloped, unsubdivided land who file subdivision plots in the Nassau County Clerk’s office after the effective date of the ordinance. It cannot be said that the ordinance is unreasonable, arbitrary or capricious. A reasonable standard has been set, and it does have a real and substantial relationship to the object sought, that is, a reasonable imposition of a financial obligation upon that class which is most likely to cause the necessity for an enlargement and increase of the sewerage system. Therefore, the ordinance is constitutional and valid.
However, in this case the ordinance has been unreasonably applied as to the plaintiff. His map of Congetta Homes was submitted to the planning commission on August 21, 1956 and no action was taken until January 29, 1957 when the commission approved a subdivision map of the plaintiff’s subject property. The reason given by the witness on behalf of the city for this delay is as follows: “It so happened that the facts as stated by Mr. Dorfman were correct, in that the map had been filed with the Planning Commission but the map *787 itself and the application for Planning Board approval had been misfiled and the board failed to act on it because it got lost and not because there was a purposeful delay in the approval of it, and I so explained that to Mr. Stanco at the time of our conversation. I merely explained to him that the delay was unintentional due to the fact that the map itself had been misplaced in the Planning Board files.”
But for the defendant city’s unfortunate error or delay, action may have been taken in sufficient time for the plaintiff to obtain the planning commission’s approval long before the January 29, 1957 date and to file in the Nassau County Clerk’s office prior to the effective date of the ordinance. This error or delay should not penalize the plaintiff. Under the circumstances, since the City Planning Commission has approved a subdivision map of the plaintiff’s subject property and since approval should be considered as having been given in time to permit a proper filing with the Nassau County Clerk’s office before the effective date of the ordinance, the defendants, and in particular the building inspector of the City of Glen Cove, are directed to issue a building permit to the plaintiff or his successor without the payment of the $500 per housing unit required under the ordinance.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment on notice.